George W. STEFFEY, Sr.,
Petitioner–Appellant,

v.

Ron CHAMPION, Respondent–
Appellee.

No. 01–5013.

United States Court of Appeals,
Tenth Circuit.

Aug. 14, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.*

## ORDER AND JUDGMENT **

PAUL KELLY, JR., Circuit Judge.

▮ Mr. Steffey, an inmate appearing pro se, seeks to appeal from the district court's denial of his habeas petition, 28 U.S.C. § 2254. Mr. Steffey was convicted in Oklahoma state court of false declaration of ownership, second-degree burglary, and knowingly concealing stolen property. I R. doc. 1, ex. A, at 1. For his crimes, Mr. Steffey received seventy-five years for the false declaration of ownership conviction, seventy-five years for the concealing stolen property conviction, and one-hundred years for the burglary conviction (twenty-five years of which was suspend-

---

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ed), the concealing stolen property and burglary sentences to run concurrently. *Id.* ex. A at 1–2. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. Steffey's conviction, but modified his sentence to forty years for each conviction, the concealing stolen property and burglary convictions to run concurrently. *Id.* ex. A at 2.

In his federal habeas petition and response to the state's motion to dismiss, Mr. Steffey asserted the following bases for relief: (1) state witnesses and the prosecutor commented upon his exercise of his Fifth Amendment right to remain silent; (2) he was denied a fair trial based upon the admission of "other bad acts" evidence; (3) the use of unlawfully obtained evidence; (4) prosecutorial misconduct; (5) he was denied the opportunity to present a defense by the trial court's decision that he could not call a rebuttal witness; (6) his sentence was excessive, and (7) cumulative error. *Id.* at 4–9; *id.* doc. 7, at 3–4 (incorporating all arguments raised on direct appeal to OCCA). Upon referral, the magistrate judge recommended that Mr. Steffey's petition be denied. *Id.* doc. 15, at 1. Mr. Steffey objected to the entire report and recommendation, and additionally argued that AEDPA did not apply. *Id.* doc. 20, at 1–2. The district court concluded that AEDPA did apply, adopted the report and recommendation, and denied the petition. *Id.* doc. 22. Later, the district court also denied Mr. Steffey's application for a certificate of appealability ("COA"). *Id.* doc. 27.

■ Mr. Steffey now applies to this court for a COA, incorporating the arguments in his federal habeas petition, objection to the report and recommendation, and motion to the district court for a COA. We have reviewed these documents, along with the record and Mr. Steffey's COA application and accompanying brief filed on appeal. Having done so, we hold that

Mr. Steffey has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also* 28 U.S.C. § 2253(c)(2). The district court appropriately analyzed the case on the basis of Mr. Steffey's objections and accorded the proper deference to the state court's rejection of Mr. Steffey's arguments. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We therefore DENY Mr. Steffey's COA application and DISMISS his petition.